**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, )
)
        **Plaintiff,** )
)
v. ) Case No. 17-20079-CM
)
TROY A. GREGORY, )
)
        **Defendant.** )
_____)

## **MEMORANDUM AND ORDER**

Before the court is defendant's Motion in Limine to Exclude Testimony of Kaye Finn (Doc. 33)[1] in which defendant requests the court exclude the testimony of the government's expert, Kaye Finn, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 588 (1993). Defendant informally objected to the government's initial expert disclosure (Doc. 33-1), to which the government sent a supplemental disclosure seeking to remedy those objections (Doc. 33-3). Defendant did not believe the supplement resolved the issue(s), so he filed this motion, requesting the court exclude Ms. Finn's testimony under Federal Rule of Evidence 702 and *Daubert*. 509 U.S. at 588. He alleges the government's expert disclosures are insufficient under Federal Rule of Criminal Procedure 16(a)(1)(G) because they do not "describe the witness's opinions [or] the bases and reasons for those opinions[.]" The government contends its disclosures are proper under the Rule.

Rule 16(a)(1)(G) provides, in relevant part,

> [t]he government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

---
[1] The government responded (Doc. 40), but defendant did not file a reply.

Plainly, any written summary under this Rule must describe three things: (1) the witness's opinions, (2) the bases and reasons for those opinions, and (3) the witness's qualifications. But the written summary need not be as complete as expert witness reports in civil cases. *United States v. Reulet*, No. 14-40005-DDC, 2015 WL 7078917, at *4 (D. Kan. Nov. 13, 2015) (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (McConnell, J., dissenting)). A notice that merely states the topics of what a witness may discuss without providing the witness's bases and reasons for the opinions is "facially deficient." *Id.* (quoting *United States v. Hoffecker*, 530 F.3d 137, 186 (3rd Cir. 2008)).

The government's initial expert notice consists of five topics of testimony and nine opinions, all set forth in bullet-point form, along with the expert's resume. (Doc. 33-1) Upon Gregory's objection, the government promptly supplemented its notice, providing defendant with four bullet points that it considered the "bases and reasons" for Ms. Finn's opinions:

- Ms. Finn's two decades of banking experience, as a state bank examiner, private bank auditor, bank executive, and federal regulator and examiner, which includes extensive experience in the review of commercial loans;
- Specialized knowledge of banking laws, regulations, and policies (particularly, Statements of Policy and Financial Institution Letters, which can be found at [hyperlinks omitted]) required to receive a commission as a FDIC bank examiner and to perform the duties of a FDIC bank examiner, including, but not limited to, Part 325, Regulation O, Sections 23A/23B, Part 323, Part 365, and Part 364;
- FDIC Corporate University and Federal Financial Institutions Examination Council Classes attended by Ms. Finn including, Examination Management School, Enforcement Case 2:17-cr-20079-CM Document 33-3 Filed 08/10/18 Page 2 of 3 2 Actions, and Loan Review Specialist Training, classes which typically included reference to and training on applicable statutes, regulations, and regulatory policies; and
- Ms. Finn's review and use of publicly available FDIC regulatory manuals, which can be found at [hyperlink omitted]

(Doc. 33-3.) It also represented that Ms. Finn's opinions will be consistent with the initial notice, "if not necessarily using the exact same language or formulations of the concepts summarized" therein. (*Id.* at 2.)

Under existing caselaw, the government need not provide "a complete statement of all opinions ... [as well as] all of the data or other information considered." *United States v. Durante*, No. CRIM.A. 11-277 SRC, 2012 WL 503657, at *2 (D.N.J. Feb. 15, 2012) (quoting *Nacchio*, 519 F.3d at 1152). This is not a case in which the government merely supplied *topics* of testimony. *See*, *e.g.*, *Reulet*, 2015 WL 7078917, at *6. The notice gives defendant a fair overview of what Ms. Finn's likely testimony will be. That said, the government should be mindful of the boundaries of Ms. Finn's testimony at trial.

**IT IS THEREFORE ORDERED** that defendant's Motion in Limine to Exclude Testimony of Kaye Finn (Doc. 33) is denied.

Dated this 15th day of January, 2019, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**