# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TROY A. GREGORY, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 17-20079-CM |

## MEMORANDUM AND ORDER

Before the court is defendant's Motion in Limine to Exclude Certain Testimony (Doc. 34). Gregory urges the court to exclude two lines of testimony or argument at trial: (1) that violations of internal bank rules and policies or civil statutes, rules, or regulations constitute violations of the criminal statutes charged in the Indictment; and (2) that loans obtained by a borrower for a third party's benefit (i.e., "nominee loans") are illegal per se. (*Id*.) The government does not contest these two exclusions, except to the extent they are intended to more broadly preclude evidence or argument relating to nominee loans, civil authority, regulations, or bank rules. In other words, the government concedes it may not offer testimony that *directly* equates regulatory, or bank rule violations with criminal violations or that *directly* states nominee loans are illegal; but the government wishes to introduce evidence of defendant's act of, for example, making nominee loans or flouting bank rules or regulations to show an overt action in the charged conspiracy or to show defendant's intent to deceive the victim banks. Defendant did not file a reply.

Because the government does not directly contest defendant's motion, the court grants defendant's motion in part and denies it in part. The government may not offer testimony or argument at trial that (1) violations of internal bank rules and policies or civil statutes, rules, or regulations

constitute violations of the criminal statutes charged in the Indictment, or (2) loans obtained by a borrower for a third party's benefit (i.e., "nominee loans") are illegal per se.  But, for the reasons set forth in the government's response (Doc. 41), defendant's motion is denied to the extent the government offers such testimony or argument to show defendant's <u>intent</u> to deceive the victim banks.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion in Limine to Exclude Certain Testimony (Doc. 34) is granted in part and denied in part.

Dated this 15th day of January, 2019, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**

---

[1] In addition, the government need not prove the nominee loans constituted a crime where, as here, they have not been charged as a crime. *See*, *e.g.*, *United States v. Crabtree*, 979 F.2d 1261, 1267 (7th Cir. 1992) (upholding the evidence of nominee loans as part of the scheme evidence and finding that "[o]vert acts do not have to be substantive crimes themselves.").