IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-20079-JAR-1 |
| TROY A. GREGORY, | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Troy A. Gregory was convicted by a jury on charges of bank fraud and false statement in bank records.  The Court denied Defendant's Motion for Judgment of Acquittal and New Trial and sentenced him to sixty-months' imprisonment.[1]  This matter is now before the Court on Defendant's Motion for Release Pending Appeal (Doc. 199).[2]  Defendant, whose date for self-surrender to the Bureau of Prisons ("BOP") was extended until June 1, 2021,[3] argues that his release is warranted under 18 U.S.C. § 3143(b)(1).  While Defendant's motion was pending but before the Court had ruled, Defendant filed a Second Motion to Extend Time to Self-Surrender (Doc. 203), requesting the Court to extend his date to report to the Federal Prison Camp in Yankton, South Dakota ("Yankton FPC") until September 1, 2021 (Doc. 203).  The government opposes both Defendant's request for release pending appeal and to extend the date

---

[1] Docs. 163, 185.

[2] This Court has jurisdiction to entertain Defendant's motion even though he has filed his notice of appeal. *See United States v. Meyers*, 95 F.3d 1475, 1488 n.3 (10th Cir. 1996) ("Although the filing of a notice of appeal usually divests the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court.").

[3] Docs. 197, 198.

to self-surrender.[4]  For the reasons explained below, the Court denies Defendant's motion for release pending appeal but grants his motion to extend the date to self-surrender.

## I.     Standard

"There is no constitutional right to bail pending appeal."[5]  Instead, the "general rule" is that a defendant who has been convicted will be detained on his or her sentence pending an appeal.[6]  Under § 3141(b)(1), detention pending appeal is presumed unless the court finds:

> (1) the defendant has met his burden of proving by clear and
> convincing evidence that he is not likely to flee or pose a danger to
> the safety of any other person or to the community if released
> under § 3143(b)(1), and (2) he has established by a preponderance
> of the evidence that the appeal is not for the purpose of delay, the
> appeal raises a substantial question of law or fact, and if that
> substantial question is determined favorable to defendant on
> appeal, the decision is likely to result in reversal or an order for a
> new a new trial on all counts on which imprisonment has been
> imposed.[7]

The two-step test for determining whether or not the appeal raises a substantial question requires the court to first decide whether the appeal raises a "substantial" question of law or fact; if the court finds in the affirmative, it must then determine whether the appeal will likely "result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."[8] "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way."[9] "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis .

---

[4] Docs. 201, 205.

[5] *United States v. Affleck*, 765 F.2d 944, 948 (10th Cir. 1985) (en banc).

[6] *United States v. Fisher*, 613 F. App'x 748, 749 (10th Cir. 2015).

[7] *Meyers*, 95 F.3d at 1489 (citing *Affleck*, 765 F.2d at 952–53).

[8] *Affleck*, 765 F.2d at 952 (citing *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)).

[9] *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

. . .″[10]  The government does not dispute that if Defendant prevails on appeal, it will likely result in reversal of his counts of conviction or an order for new trial.

## II.     Discussion

### A.     Risk of Flight, Danger to Others or Community, and Delay

Defendant was released on personal recognizance in December 2017.[11]  At the sentencing hearing on November 17, 2020, this Court granted Defendant's motion to remain on release status due to the ongoing COVID-19 pandemic, setting a report date of April 1, 2021.[12]  The date for Defendant to self-surrender was further extended until June 1, 2021.[13]  Defendant does not have any previous criminal history, including prior arrests, convictions, or pending charges.[14] His conviction is not for a violent crime and based on the many letters and testimonials the Court considered at sentencing, his strong ties to family and the community, and his compliance with his conditions of release thus far without incident, there is no indication that he is a flight risk. The government does not address nor dispute this issue.  Accordingly, the Court finds by clear and convincing evidence that Defendant does not pose a flight risk and is not a danger to others or to the community.  The Court also finds that Defendant's appeal is not for the purpose of delay.

### B.     Substantial Question of Law or Fact

Defendant identifies two issues on appeal that he contends present substantial questions of law or fact: (1) the government's closing was improper, and (2) there was insufficient

---

[10] *Id.*

[11] Doc. 9.

[12] Doc. 184.

[13] Docs. 197, 198.

[14] Presentence Investigation Report, Doc. 169 ¶¶ 48–53.

evidence to sustain his convictions.  As the government notes, these arguments are substantially

the same as those raised in Defendant's Motion for Judgment of Acquittal and for New Trial and

were denied by this Court after a comprehensive review of the facts and detailed analysis of the

law.  The Court is not convinced that Defendant has demonstrated that his issues on appeal

satisfy the requirements of § 3143(b)(1)(B).  While the Court is not required to handicap

Defendant's chances of succeeding on appeal in order to decide whether he should be detained, it

does not believe that his arguments on appeal will succeed.  As Defendant notes, the Court does

not need to sit as its own appellate court or find that it actually erred or that the case will be

reversed on appeal, but rather, need only determine whether the questions presented are close or

could go the other way.[15]  But that does not mean that the Court's previous decision is of no

import in its determination—in its fifty-four page Order, the Court exhaustively addressed these

issues and will incorporate rather than repeat its findings and conclusions, except as necessary to

address Defendant's argument that those issues present substantial questions.[16]

### 1.    Government's Closing Argument

First, Defendant argues that the government's closing argument based on Defendant's

hypothetical boardroom confession was prosecutorial misconduct.  Whether the government

committed prosecutorial misconduct requiring a new trial by making improper comments in its

closing argument is reviewed on appeal de novo.[17]  The Tenth Circuit must decide if the conduct

---

[15] *Affleck*, 765 F.2d at 953 n.14 (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

[16] *See, e.g., United States v. Martin*, No. 08-20012-01-JWL, 2009 WL 4508574, at *3 (D. Kan. Nov. 30, 2009) (referencing previous analysis denying defendant's motion for acquittal and new trial in determining whether defendant raised substantial question); *United States v. Yurek*, No. 15-cr-394-WJM, 2018 WL 1932750, at *3 (D. Colo. Apr. 24, 2018) (incorporating analysis of previous post-trial order rejecting defendant's motion for new trial).

[17] *United States v. Christy*, 916 F.3d 814, 826 (10th Cir. 2019) (citing *United States v. Anaya*, 727 F.3d 1043, 1052–53 (10th Cir. 2013) (identifying standard of review depending on whether defendant objected at trial and how the court responded)).

was improper and whether the government has demonstrated that any error was harmless beyond a reasonable doubt.[18]

Defendant argues that the government's use of the truthful-pitch hypothetical in its closing was improper because it was based on facts not in evidence, as he was prohibited from communicating directly with the victim banks. As this Court previously concluded, however, the government's closing argument was "firmly rooted in the evidence, made fair use of a hypothetical," and "drew reasonable inferences from the facts established by the evidence."[19] The Court explained that government counsel did not try to mislead the jury by suggesting that the hypothetical was based on representations that Defendant made, but rather, that the government made the point that Defendant failed to make truthful representations and failed to disclose material information.[20] As the government stresses, this is fraud, and its use of a rhetorical device to contrast what was represented to the victim banks with what was withheld from them neither misled the jury nor was improper.

This Court also concluded that the government's closing argument was appropriate and permissible under Tenth Circuit precedent in *Whittenburg v. Werner Enterprises*, where the court reversed and remanded for new trial after finding the trial court abused its discretion in overruling objections to plaintiff's counsel's pervasive and improper remarks invoking a hypothetical during closing argument.[21] In particular, this Court found that Defendant's case is distinguishable from *Whittenburg* because government counsel did not engage in abusive references to Defendant or his counsel, the government argued facts that were established by the

---

[18] *Id.*

[19] Doc. 163 at 51.

[20] *Id.* at 46–47.

[21] *Id.* at 45 (citing 561 F.3d 1122, 1124–27 (10th Cir. 2009)).

evidence, government counsel made no improper appeal to the jury's sympathy, and Judge

Murguia gave a limiting instruction that the closing argument was not evidence and specifically

explained to the jury that counsel was presenting a hypothetical, analogy, or contrast.[22]  In light

of these distinctions, Defendant's appeal does not raise a "fairly debatable" question on this

issue.

### 2.      Substantial Evidence on Counts of Conviction

Second, Defendant argues that there was insufficient evidence to convict him of bank

fraud and making a false statement in bank records.  On appeal, the denial of a motion for

judgment of acquittal on sufficiency grounds is reviewed de novo.[23]  The evidence must be

viewed in the light most favorable to the government, drawing all inferences and credibility

choices in the government's favor.[24]  The evidence presented to support the conviction "must be

substantial; that is, it must do more than raise a mere suspicion of guilt."[25]

Having presided over the post-trial and sentencing proceedings, the Court is familiar

with the evidence presented and finds now, as it did when considering Defendant's motion for

acquittal and new trial, that it was sufficient to support his convictions in this case.  Defendant

again claims that there was insufficient evidence to prove the false and materially misleading

statements alleged in the Indictment, specifically regarding the Bluejay Borrowers.  For the

reasons set forth in its post-trial motions order, the Court finds that sufficiency of the evidence is

not a particularly close call.  The evidence showed that Defendant knowingly represented that

the Bluejay Borrowers were strong when in fact, their financial position was terrible.  The

---

[22] *Id.* at 45–49.

[23] *United States v. Torres*, 53 F.3d 1129, 1133–34 (10th Cir. 1995).

[24] *Id.*

[25] *Id.*

evidence also showed that Defendant omitted or falsified the type of information about the Bluejay Borrowers that he admitted he would want to know if he were in the position of the victim banks. As concluded in its Order, the evidence of the falsity of the representations made by the Defendant proved his bank fraud convictions beyond a reasonable doubt and raises no substantial questions concerning the sufficiency of the evidence on these counts.

Likewise, when viewed in the light most favorable to the government, the evidence proved beyond a reasonable doubt that Defendant made false entries into University National Bank's ("UNB") records with the intent to defraud the participant banks into participating in the loan. Defendant concedes that the CDs were not funded on the date stated on the CDs, on the date indicated on the commercial security agreements, or on the date on any other associated loan paperwork. But it is not apparent how his argument that later on other documents showed the CDs were funded after-the-fact is a defense to any elements of the crime; it does not alter the falsity of the documents when they were listed as collateral or when the victim banks relied on these representations to commit to the participation. Further, whether or not the victim banks could inspect UNB's records is not material to proof of intent. Accordingly, Defendant also fails to raise any substantial questions concerning the sufficiency of the evidence on these counts. Defendant's motion is therefore denied.

### C.    Self-Surrender

Although the Court denies Defendant's motion for release pending appeal, it grants his second request to extend the date to self-surrender to the BOP. In his motion, Defendant details his diagnosis of ankylosing spondylitis ("AS"), which affects his immune system, and recent evaluations by his treating physicians regarding the time-table for him to be fully vaccinated

against COVID-19.[26]  Defendant's treating physicians explain that his condition leaves him vulnerable to communicable diseases and requires him to receive a specific sequence of vaccines and immunosuppressant treatment before he receives the COVID-19 vaccine.  This process will take an additional 90 days to complete.  The government opposes Defendant's request, noting that the pandemic health risks are diminishing, there are no current cases of COVID-19 at Yankton FPC, there are vaccines available, and Defendant can receive the series of treatments leading up to his vaccine while in BOP custody.  The government does not question Defendant's diagnosis or treatment plan, but urges that his health problems should not be an excuse to avoid serving his sentence.

Exercising its discretion, the Court finds that Defendant's medical circumstances warrant his request for additional time to self-surrender until September 1, 2021.  Under the circumstances set forth in his motion, a three-month delay is reasonable and necessary and will not prejudice the government.  That being said, the Court notes that it has been nearly two years since Defendant's conviction at trial in August 2019 and the extension from his current report date is nearly one year from his sentencing in November 2020.  While the requested additional time to self-surrender is not likely to extend beyond the pendency of Defendant's appeal, which is in the early stages of briefing and has not yet been set for oral argument, the Court agrees with the government that any further delays will not promote respect for the law or serve the ends of justice.  Accordingly, any further requests for delay will not be well-taken by the Court and no further extensions of time will be granted beyond September 1, 2021.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Troy A. Gregory's Motion for Release Pending Appeal (Doc. 199) is **denied**.

---

[26] Doc. 203.

**IT IS FURTHER ORDERED** that Defendant's Second Motion to Extend Time to Self-Surrender for Service of Sentence (Doc. 203) is **granted**; Defendant is directed to surrender to the Bureau of Prisons at Yankton FPC on **September 1, 2021**.  **No further extensions of time will be granted**.

       **IT IS SO ORDERED.**

       Dated: May 18, 2021

                                S/ Julie A. Robinson
                                JULIE A. ROBINSON
                                CHIEF UNITED STATES DISTRICT JUDGE